May it please the Court, Beth Andrus here on behalf of the appellant, Jesus Cervantes-Bravo. On behalf of Mr. Cervantes-Bravo, we ask that this panel reverse his 120-month prison sentence and remand this case back to the Sentencing Court for a new sentencing hearing. We've raised two issues, legal issues, in the brief. I would like to focus on the safety valve argument for this morning's presentation, the second issue we will submit to the Court on the briefing. As to the safety valve issue, I will outline the procedural background of the case and the standard of review and then move on to the statutory analysis that warrants a reversal of the sentence in this case. Mr. Cervantes-Bravo pled guilty to one count of possession of methamphetamine with the intent to deliver. In the plea agreement, it stipulated that the defendant will not seek a safety valve adjustment under 18 U.S.C. section 3553-F. Does your presence here violate that provision? It does not, Your Honor, for two reasons. First, as the Court may be aware, a motions panel of this Court specifically ordered counsel for Cervantes-Bravo to address to the Court the issue of whether, notwithstanding the terms of the plea agreement, the District Court plainly erred in failing to make factual findings under the statute. So certainly our presence here is pursuant to that Court order. Furthermore, we are not, in fact, violating the terms of the plea agreement because we are raising a statutory argument as to what is the authority under the statute of the sentencing court under that particular provision. So for those reasons, we do not believe, and the government has not contended, that our presence here violates the plea agreement. You mean, what is the obligation of the sentencing court? Exactly. But also, what are the limitations on the sentencing court's authority when sentencing or considering sentencing pursuant to a mandatory minimum under 21 U.S.C. section 841? If you look at the text of subsection F, it contains a directive. The directive is no different to the sentencing court than the directive that is found in subsection A, the parsimony provision. It says, The District Court shall sentence pursuant to the sentencing guidelines without consideration of mandatory minimums. That is the exact same structure and the exact same directive that Congress has given to the sentencing court in the parsimony provision. The District Court shall sentence, impose a sentence that is sufficient but no greater than necessary to meet the sentencing policies under subsection 2. So the structure in A, which has been deemed by Gall v. U.S. as a mandatory directive to the sentencing court, the structure in A is the same as the structure in F. And for that reason, in particular, when you look at the language of F, where it says that it is a limitation on the applicability of statutory minimums, subsection F, in essence, limits the District Court's ability to impose a mandatory minimum. But it goes on to say, if the court shall find in sentencing, and the court shall, if the court shall find, would you address that? Yes, Your Honor. The language that you've quoted is accurate. The court must make factual findings, and that is actually what the motions panel question was. Is there an obligation under this statute for the District Court to sua sponte, make factual findings, to determine whether it has the authority to impose a mandatory minimum sentence? What is the burden of proof on those factual findings? Well, under the case law in the Ninth Circuit, the court is, this court has been clear that the burden of proof initially falls on the defendant. However, that burden shifts to the defendant, or excuse me, to the government, if in fact the record reveals that each one of the five factors has been met, as we have in this case. So at this stage, given the record before this panel, the burden, our contention is, has shifted to the government. And that, I believe, is set forth in United States v. Shreffler, that there is a shifting burden of proof. We do have undisputed evidence that Mr. Cervantes Bravo had no prior convictions. It is undisputed that his crime did not result in any death or bodily injury. It is our contention that the District Court found, and the government is now bound by that factual finding, that Mr. Cervantes Bravo did not possess a gun in connection with his drug offense. There is no evidence and no factual finding that Mr. Cervantes Bravo was an organizer, leader, manager, or supervisor. What about the fact that he, those other, the Rodriguez, was it the Rodriguez brothers? Well, two issues there, Your Honor. First, those factual contentions were challenged by Mr. Cervantes Bravo in the amendment to the PSR, and the District Court did not make any factual findings on those specific allegations in the PSR. But even more importantly, when you look at the comment to the safety valve sentencing guideline, it says that in order for the court to find, under the safety valve, that someone is an organizer, leader, et cetera, that person must have been given an enhancement for playing an aggravated role in the offense. Under, I forget the sentencing guideline provision, but in this case, the government stipulated that there would be no aggravating role enhancement to the base offense level. So in essence, the government, pursuant to the plea agreement, agreed that there was, that he was not an organizer, leader, supervisor, et cetera. So we believe that for those reasons, a remand would be required for the District Court to address those issues. The two cases that the panel cited, U.S. v. Ortiz-Santiago and U.S. v. Real-Hernandez, support the position that we're taking in this case. In Ortiz-Santiago, the First Circuit held that the safety valve is not like a discretionary downward departure. It is, in fact, mandatory. And the First Circuit went on to state, in a non-binding plea agreement, the government cannot contract around the safety valve. In Real-Hernandez, this court held that, in fact, the safety valve was mandatory. So those two cases support the proposition that the safety valve findings are a mandatory part of a sentencing proceeding. And notwithstanding the provision in the plea agreement, the District Court plainly erred in failing to make factual findings concerning Mr. Cervantes-Bravo's eligibility for safety valve relief. I'll save the rest of my time for rebuttal. Thank you. Thank you. May it please the Court, I'm Douglas Wally, an Assistant United States Attorney for Western Washington. The Court requested that parties address the issue of whether the Court was required to make findings on the safety valve because the language of the provision is in mandatory terms. In fact, the pertinent language of the provision is not in mandatory terms. It says that if the defendant qualifies for the safety valve, the Court shall impose a sentence without regard to mandatory minimums. The burden is on the defendant, which the defense agrees with. It's on the defendant to qualify for the safety valve. This defendant never asked the Court to consider his qualifications. He didn't address any of the five qualifying requirements with respect to the safety valve, and he didn't explain to the Court how he met those requirements. He did not claim to the District Court that he had given a safety valve statement. Because the defendant didn't ask the Court to consider his eligibility, this Court reviews the case for plain error. There was no error in this case. It's not plain. His substantial rights were not affected. And it certainly can't be said that the District Court decision seriously affected the fairness and integrity or public reputation of judicial proceedings. The defense simply can't carry their burden of establishing plain error. The burden is on the defendant, and the Court's failure to consider a safety valve reduction when the defendant does not seek one hardly qualifies as plain error. In fact, in every sentencing, every criminal sentencing that are subject to a plea bargain, defendants give up their right to request downward departures, minimal roll departures based on reasons not covered in the guidelines. And it's not the Court's responsibility to seek out every potential departure and address it. Commonly in plea agreements, parties say both parties agree not to seek any additional departures. The government agrees not to depart upward or seek a departure upward. The defense agrees not to seek a downward departure. I can't believe that the Court is then required to go beyond that plea agreement to take the guidelines out and to evaluate every potential eligibility for a defendant. I am not arguing that the Court could not have determined whether the defendant was eligible for the safety valve. Our plea agreement did not bind the defendant. Certainly the Court could have said, even though the defendant didn't request it, I find that the following five factors are met. The statute actually says that the government then gets the right to state whether or not they agree with that, at least argue on it. That didn't happen in this case because the defense didn't request that it happen. The second reason this was not error, not plain error, is because the defendant never gave a statement to qualify for the safety valve. As much as counsel argues that there was references to statements given as proffers in order to obtain a substantial assistance reduction, she cannot say that there's anything in the record to show that the defendant sought to receive a safety valve statement and a reduction in the sentence because of that. The reason the record is clear on this is because all the references to his statement were in terms of substantial assistance, a 5k1 reduction for assisting the government in the prosecution of other cases or other defendants. He gave a 5k1 proffer to the government. The difference between that and a safety valve statement is striking. I know they're often blurred at the district court level and sometimes in opinions, but a safety valve statement is not a protected statement. The guidelines specifically say a safety valve statement can be used to raise the defendant's guidelines. If he admits a larger quantity of drugs, if he admits that he was a leader, if he admits that he had a gun, the government can then go into court at sentencing and argue based on the defendant's admission that his guidelines should be higher. That did not occur in this case because the defendant's statements to the government were protected. A second reason that a substantial assistance... Are you saying that because he had immunity, he didn't qualify for the safety valve? The statement he gave was in an effort to get a substantial assistance reduction. He was given immunity. He was told that the information he provided to the government would not be used against him. He never gave an unprotected safety valve statement. He never asked to give a safety valve statement. He was never interviewed by the agents or the government with terms of qualifying for safety valve. Not only was it a protected... You're not saying that that's foreclosed, are you? The safety valve... It was not foreclosed. He could have asked for a safety valve. He could have come in and given a safety valve statement. He could have gone to court and said, I qualify for the safety valve. The government then would have asked to withdraw from the plea agreement, but he was free to do that. He didn't do that. He stuck by the plea agreement at the trial level, followed his commitment not to request a safety valve statement. The plea agreement didn't say that the court could not impose or could not find he was eligible for a safety valve. It simply said the defendant would not request it. He did not request it. And he did not request a opportunity to give a statement to the government that would allow him to qualify for the safety valve. This was a result... This plea agreement was a result of tough negotiations on both sides. The defendant's agreement not to request a safety valve reduction was matched by the government, by their agreement not to request an increase for leadership role, by their agreement to limit his drug quantity, the responsibility of drugs in the case, to a level that was far below what the government might have sought. He was charged with enough... With possessing and distributing enough drugs to get a sentence of 26 years. The government agreed as a result of negotiations, hard negotiations between competent counsel to limit his exposure in court to a quantity that would give him a 120-month sentence. He received a great benefit from it. He recognized that. That is why his attorney accepted the fact that they would not seek to qualify for the safety valve. And it's impossible to conclude from this record that he ever gave a safety valve statement. All the references are to a substantial assistance proffer that didn't result in a finding he's eligible for a 5K 1.1. Since he didn't argue he was eligible, he didn't hold out his proffer in the district court to be a safety valve statement, and he asked for a 120-month sentence. His attorney asked for a 120-month sentence. It is difficult to conceive how any error occurred, much less plain error. Thank you. Just some very short rebuttal points, Your Honors. The government argues that the statute requires or has language that only if a defendant qualifies for safety valve relief. The words, if the defendant qualifies, is not in the statute. So he is injecting a meaning into the statutory text that simply is not there. Second, a substantial right will be affected by this case. If, in fact, the five safety valve factors are present, it would result in a reduction of sentence to 70 to 87 months from 120 months. Clearly, that impacts a substantial right of Mr. Cervantes Bravo. Further, the defendant and the government cannot modify by plea agreement a district court's sentencing obligations. Certainly, no one would come before this court and suggest that the defendant and the government could simply waive the parsimony provision under subsection A. Similarly, the argument cannot be made that the government and the defendant can waive the district court's sentencing obligations under subsection F. Could you say that the district court could possibly have made a finding on this record that the defendant truthfully provided to the government all the information he has concerning the offense? Absolutely, Your Honor. If you look at my reply brief at page 6, I have laid out where in the record counsel represented to the district court that Mr. Cervantes Bravo met with the government and gave them a full accounting of what he knows. And that was conceded by the government in the sentencing hearing. The distinction between whether a statement is given under use immunity or as a, quote, safety valve statement is not in the statute and it's not in the sentencing guidelines. That may be what happens in practice, but it's not statutorily mandated. In fact, the cases of this circuit make it very clear that a safety valve disclosure can be given at any time, in any context, and it can be under a use immunity. It doesn't have to be under a use immunity. Any kind of full disclosure of what you know about the crime satisfies for safety valve. So under the case law that we've cited to the court and the record that was before the district court, we believe that clearly there's evidence that he did make such a full and complete truthful statement to the government. What about the government's position that had your client asked for a safety valve reduction that the government would have withdrawn from the plea agreement? If the government had really wanted an absolute 120-month sentence for this gentleman, they had the mechanism to request it. They certainly could have asked for a binding plea agreement. They certainly could have also asked for factual stipulations in the plea agreement. Nothing prevented the government and Mr. Cervantes-Bravo from stipulating two facts that would have denied him the safety valve under subsection F. So those tools were there. I think it's pure speculation for us to say today what they would have done under any particular set of circumstances back then. It's certainly not in the record before this court. Certainly the government's brief, and as Mr. Wally has conceded, they wrote in their brief, obviously if the district court had raised the issue and as a result of information provided to the court in response, the court made a factual finding that the factors in of safety valve relief. So basically they were taking a risk on that issue just as much as Mr. Cervantes-Bravo was based on what they negotiated in this plea agreement. So for those reasons, Your Honor, we ask that the court reverse the 120-month sentence and remand this case for a new sentencing hearing. Thank you. All right. Thank you. Good evidence on both sides. Yeah. I concur. Very good argument. We're starting the day out right. All right. Then Nielsen versus Miller-Stout. That's submitted. And we come to United States v.
judges: Pregerson, Canby, Hall